UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TODD MARTIN SQUIER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 3:25-cv-1505 |
| v. | ) |
| | ) |
| FAYETTE COUNTY, KY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Todd Martin Squier, a resident of Mount Juliet, Tennessee, has filed a pro se action alleging violations of his rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff paid the civil filing fee. (Doc. No. 8).

Pending before the Court are the following motions: "Complaint and Emergency Motion for Temporary Restraining Order" (Doc. No. 1), "Supplemental Motion for Leave to Seal Previously Filed Exhibit for In Camera Review" (Doc. No. 9), Motion for Leave to File Exhibit Under Seal or for In Camera Review (Doc. No. 10), Emergency Motion for Temporary Restraining Order (Doc. No. 11), Motion for Leave to File Federal Tax Return Under Seal (Doc. No. 13), Motion for Leave to File Life Insurance Application Under Seal (Doc. No. 14), and Motion for Leave to File Under Seal Kentucky June 8, 2020 Petition, Civil Summons, and July 9, 2020 Return of Summons (Doc. No. 19).

### II. MOTIONS FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed two Motions for a Temporary Restraining Order ("TRO") (Doc. Nos. 1, 11). As explained below, the Court cannot consider the merits of either motion in its current form.

1

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

The Court will begin with the earlier-filed TRO motion. (Doc. No. 1). Plaintiff filed a combined complaint and TRO motion; thus, the TRO motion does not comply with the Local Rule requiring "any request for a TRO" to be made by written motion "separate from the complaint." Further, the TRO motion was not supported by an affidavit or verified complaint.[1] Neither did Plaintiff certify his efforts to provide notice and why it should not be required. Thus, Plaintiff's earlier-filed TRO motion is not procedurally compliant and cannot be considered by the Court.

The Court now moves to Plaintiff's second-filed TRO motion. (Doc. No. 11). Although this motion was filed separate from the complaint, the motion was not supported by an affidavit or

---

[1] Although Plaintiff filed a Declaration in support of his first TRO motion (Doc. No. 3), a declaration is not a substitute for the required affidavit; an affidavit is a written statement sworn under oath before a notary or authorized official while a declaration is signed under penalty of perjury but without the formal oath or notarization.

verified complaint.[2] Further, Plaintiff did not certify his efforts to provide notice and why notice should not be required. The notice requirement is strictly enforced as to pro se moving parties. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits.

Accordingly, the Court will deny Plaintiff's Motions for a TRO (Doc. Nos. 1, 11) without prejudice.

### III. MOTIONS TO SEAL

Shortly after filing his complaint, Plaintiff filed a number of motions seeking to seal exhibits he filed or intends to file: "Supplemental Motion for Leave to Seal Previously Filed Exhibit for In Camera Review" (Doc. No. 9), Motion for Leave to File Exhibit Under Seal or for In Camera Review (Doc. No. 10), Motion for Leave to File Federal Tax Return Under Seal (Doc. No. 13), Motion for Leave to File Life Insurance Application Under Seal (Doc. No. 14), and Motion for Leave to File Under Seal Kentucky June 8, 2020 Petition, Civil Summons, and July 9, 2020 Return of Summons (Doc. No. 19).

Local Rule 5.03 requires that any party requesting that documents or portions of documents be sealed must comply with Section 5.07 of Administrative Order No. 167-1 and Local Rule 7.01. These rules require the movant to file a motion for leave to file the document(s) under seal and to demonstrate "compelling reasons to seal the documents and that the sealing is narrowly tailored to

---

[2] Plaintiff did not file a declaration or affidavit in support of his second-filed TRO motion. Even if the Court were to consider the Declaration filed by Plaintiff in support of his first-filed TRO motion (Doc. No. 3) as in support of his second-filed TRO motion, as the Court noted above, a declaration is not an acceptable substitution for the required affidavit. Further, the First Amended Complaint (Doc. No. 12) submitted by Plaintiff is not a verified complaint.

those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." M.D. Tenn. Local Rule 5.03(a).

"It would be easy—in the interest of judicial economy, one might say—to grant a sealing motion when no party objects."[3] Lewis v. Smith, No. 2:20-cv-3461, 2020 WL 6044082, at *3 (S.D. Ohio Oct. 13, 2020). "But a court should not, indeed cannot, grant a motion to seal simply because it is easy and convenient to do so." United States v. Campbell, No. 1:19-cr-25, 2021 WL 1975319, at *1 (S.D. Ohio May 18, 2021). Instead, a court evaluating a motion to seal must consider the weighty public interests in judicial transparency and open access to court records. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016). As the Sixth Circuit recently explained, "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." Id. at 306.

The Court will consider Plaintiff's motions to seal in turn.

**A. Motion to Seal the July 1, 2020 Fayette County, Kentucky No Contact Order (Doc. No. 9)**

Plaintiff previously filed as an exhibit to the complaint a clerk-certified copy of the July 1, 2020 Fayette County, Kentucky No Contact Order ("NCO"). (Doc. No. 1-1). Plaintiff states that he submitted the exhibit as "necessary to establish the existence, terms, and procedural defects of the challenged court order . . . ." (Doc. No. 9 at 2). However, Plaintiff states that "[s]ubsequent review of the record and related filings has demonstrated that the NCO contains sensitive personal information, allegations, and identifiers that—when publicly accessible—continue to general collateral harm unrelated to any legitimate public interest in access." (Id.) "In particular," Plaintiff continues, "the NCO has been repeatedly relied upon by state agencies and law-enforcement

---

[3] Here, because no Defendants have been served yet, they have not had the opportunity to object to Plaintiff's Motions to Seal.

databases despite its later sealing by the issuing court on July 14, 2021, and despite the absence of service, jurisdiction, or adjudication." (Id.) Thus, "[c]ontinued availability of the clerk-certified NCO in this Court's docket risks perpetuating the very constitutional and reputational injuries that Plaintiff seeks to half through declaratory and injunctive relief." (Id. at 3).

Although Plaintiff asserts that the the NCO was sealed by state-court order on July 14, 2024, he has not provided a copy of the court order sealing the document. Once documents are filed with the Court, there is a "strong presumption that they should be open to the public." Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1177-79 (6th Cir. 1983). "There can be no doubt that the public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records." In re Southeastern Milk Antitrust Litigation, 666 F. Supp.2d 908, 915 (E.D. Tenn. Sept. 25, 2009) (citing Brown, 710 F.2d 1165, 1179). Plaintiff elected to file the NCO in this case and did so before seeking to seal the NCO. The NCO was signed by the Honorable Kathy Stein, Fayette Family Court Judge, on June 20, 2020, and was entered by the Fayette Circuit Clerk on July 1, 2020. (Doc. No. 1-1 at 1). The NCO bears a file stamp from the Clerk of the Circuit Court certifying that the NCO "is a true and correct copy as same appears of record and remains on file in [his] office." (Id. at 3). Plaintiff has not demonstrated a compelling reason for sealing what appears to be a matter of public record in a Kentucky state court. Thus, the Motion to Seal (Doc. No. 9) will be denied without prejudice. The Court will consider an amended motion to seal the NCO if Plaintiff submits the referenced state-court order sealing the NCO.

**B. Motions to Seal Plaintiff's Unredacted Federal Income Tax Return (Doc. Nos. 10, 13)**

Two of Plaintiff's Motions to Seal pertain to his federal income tax return of an unspecified year. Plaintiff states that he wishes to file "a clerk-certified court record containing Plaintiff's

unredacted federal income tax return under seal or, in the alternative, for in camera review only." (Doc. No. 10 at 3). Plaintiff maintains that document "is offered solely to establish the fact and scope of prior public disclosure by a state court clerk, which forms part of Plaintiff's irreparable-harm showing and constitutional claims." (Id.) Plaintiff later asserts that the document is also offered "to confirm that Plaintiff maintained a Tennessee address available for service during the relevant period in 2020, contrary to jurisdictional assertions underlying the challenged restraints." (Doc. No. 13 at 2).

Although the Sixth Circuit applies a "'strong presumption in favor of openness'" to court records, Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (quoting Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983)), it recognizes an exception to that presumption for "information required by statute to be maintained in confidence." Shane Group, Inc., 825 F.3d at 308 (citing Baxter Int'l Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002)). That exception applies to Plaintiff's tax return. Under 26 U.S.C. § 6103, tax returns are confidential. See Alter Domus, LLC v. Winget, No. 08-13845, 2025 WL 1938751, at *1 (E.D. Mich. May 15, 2025) ("Moreover, the tax return excerpts fall within the clear core of information that may be filed under seal as "information required by statute to be maintained in confidence."). Plaintiff meets his burden to justify sealing the proposed exhibit. See Pipe Fitters Local 120 v. Qwest Mechanical Contractors, No. 21-cv-00253, 2021 WL 6620375, at *1 (N.D. Ohio Nov. 30, 2021). His Motions to Seal the tax return exhibit will be granted provisionally as the tax return has not been filed yet.

**C. Motion to Seal Life Insurance Application (Doc. No. 14)**

Plaintiff also seeks to file a "Lincoln Financial life-insurance application dated February 7, 2020" under seal. (Doc. No. 14 at 1). According to Plaintiff, the document at issue "contains highly

6

sensitive personal, medical, and financial information, including identifying data and non-public disclosures customarily protected from public access." (Id.) As he argued with respect to his federal tax return, Plaintiff asserts that the life insurance policy application is offered "to confirm that Plaintiff maintained and reported a Tennessee address during the relevant period, bearing on service availability, residency, jurisdiction, and due process issues implicated by Plaintiff's pending Motion for Temporary Restraining Order." (Doc. No. 14 at 2).

Although Plaintiff alleges in his motion that "[n]o reasonable alternative to sealing exists" because "[r]edaction would materially impair the evidentiary value of the document by obscuring the address information for which it is offered" (id.), Plaintiff does not address why redacting only the information of concern to Plaintiff while leaving Plaintiff's address visible would not alleviate his stated concerns (the disclosure of "personal, medical, and financial information, including identifying data and non-public disclosures customarily protected from public access"). Cf. Cleaver v. Transamerica Life Insurance Co., No. 4:18-CV-00178-JHM, 2021 WL 1617811, at *2 (W.D. Ky. Apr. 26, 2021) (finding that, since there had been no showing to justify sealing the motion . . . and considering that Transamerica has already redacted personal identifiers from the documents at issue, the Court will deny the motion to seal."). Further, while Plaintiff asserts that the insurance application at issue "is not cumulative of other evidence" (Doc. No. 14 at 2), Plaintiff offers the same (and sole) reason for filing it as for filing his federal tax return. Moreover, the Court already has determined that Plaintiff's TRO motion—which Plaintiff wishes to support with the life insurance application—is procedurally non-compliant and cannot be considered on the merits at this time.

7

Plaintiff has not demonstrated a compelling reason for sealing the life insurance application at issue. Plaintiff has the option of redacting the information of concern before filing the document.[4] The motion (Doc. No. 14) will be denied.

**D. Motion to Seal Kentucky June 8, 2020 Petition, Civil Summons, and July 9, 2020 Return of Summons**

Finally, Plaintiff seeks to file under seal a series of documents consisting of "(a) the June 8, 2020 Petition initiating the Kentucky action; (b) the clerk-issued Civil Summons generated in that action; and (c) the Return of Summons recorded July 9, 2020 reflecting "'Subject not served—lives in Nashville, Tennessee.'" (Doc. No. 19 at 1-2). Plaintiff alleges that the June 8, 2020 Petition is already subject to a state-court sealing order entered in Fayette County, Kentucky "and is not available on the public docket." (Id. at 2). Plaintiff seeks to file the Petition under seal "to avoid circumvention of the existing state-court sealing order and to preserve the confidentiality statuts imposed by the issuing court." (Id.) Plaintiff wishes to file these documents "to permit in camera review of contemporaneous service-and jurisdiction-related representations made at initiation of the second-filed Kentucky action that bear on personal jurisdiction, due process, and the validity of predicates underlying the ongoing enforcement actions challenging in Plaintiff's pending Motion for Temporary Restraining Order." (Id.)

The documents at issue have not been filed yet. And as the Court found with respect to the NCO, Plaintiff has not provided a copy of the state-court order sealing the documents at issue. Additionally, Plaintiff wishes for the Court to review these documents in conjunction with his TRO motions, and the Court has determined that it cannot address those motions on the merits at this time. In short, Plaintiff has not demonstrated a compelling reason for granting his most-

---

[4] Should any Defendant object to any such filing, the Court will address the objection at that time.

recently filed motion to seal. Thus, the Motion to Seal (Doc. No. 19) will be denied without prejudice. The Court will consider an amended motion to seal if Plaintiff submits the referenced state-court order sealing the documents at issue.

### IV. CONCLUSION

For the reasons explained herein, Plaintiff's TRO Motions (Doc. Nos. 1, 11) are **DENIED WITHOUT PREJUDICE** as they are procedurally non-compliant.

Likewise, Plaintiff's "Supplemental Motion for Leave to Seal Previously Filed Exhibit for In Camera Review" (Doc. No. 9) is **DENIED WITHOUT PREJUDICE**.

Plaintiff's Motion for Leave to File Exhibit Under Seal or for In Camera Review (Doc. No. 10) and Motion for Leave to File Federal Tax Return Under Seal (Doc. No. 13) are **GRANTED** provisionally as the referenced federal tax return has not been filed yet.

Plaintiff's Motion for Leave to File Life Insurance Application Under Seal (Doc. No. 14) is **DENIED**.

Plaintiff's Motion for Leave to File Under Seal Kentucky June 8, 2020 Petition, Civil Summons, and July 9, 2020 Return of Summons (Doc. No. 19) is **DENIED WITHOUT PREJUDICE**.

Plaintiff paid the civil filing fee (Doc. Nos. 2, 8), so this matter is not subject to preliminary review for its legal viability. Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). The Clerk is **DIRECTED** to send Plaintiff a blank summons (AO 440) for each Defendant for whom the Clerk has not yet issued summons.[5] Plaintiff **MUST** complete the summons(es) and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the

---

[5] Summons has issued as to Attorney General of the United States, Federal Bureau of Investigation, Lexington Fayette Urban Government Government (LFUCG), Tennessee Department of Safety and Homeland Security, United States Attorney, and Sheriff Kathy H. Witt. (See Doc. No. 18).

dismissal of this case. Upon return of the properly completed summon(ses), the Clerk is **DIRECTED** to issue summon(ses) to Plaintiff for service on those Defendant(s). Fed. R. Civ. P. 4(b).

Having paid the civil filing fee (Doc. No. 8), it is Plaintiff's responsibility to ensure that each Defendant is served with a summons and a copy of the Complaint. Fed. R. Civ. P. 4(c)(1). Resources for pro se litigants, including instructions for how to accomplish service of process, are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE